UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RODARIUS WEDLEY,

Plaintiff,

Case No. 1:26-cv-01103-JDB-jay

COMPREHENSIVE CORRECTIONAL CARE,

Defendant.

REPORT AND RECOMMENDATION

Plaintiff Rodarius Wedley filed his *pro se*[1] complaint on May 15, 2026. (Docket Entry ["D.E." 1.) Wedley filed this action without paying the required filing fee or filing an application to proceed *in forma pauperis*. Accordingly, on June 22, 2026, the Court entered an Order directing Wedley "to either file a completed in forma pauperis application or to pay the $405 filing fee within fourteen days of the entry of this Order." (D.E. 6). In that Order, Wedley was warned that if he failed to comply with that Order, his complaint would be dismissed. (*Id.*) As of today's date, Wedley has not paid the filing fee or applied to proceed *in forma pauperis.*

Pursuant to Federal Rule of Civil Procedure 41(b), a court has the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' "). "When contemplating dismissal

[1] This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Failure to pay a filing fee within a court-imposed deadline rises to the level of "bad faith or contumacious conduct" and merits dismissal under Fed. R. Civ. P. 41(b). *See Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001).

Here, the Court's June 22, 2026, Order warned Wedley that failure to pay the required filing fee or submit an application to proceed *in forma pauperis* by the listed deadline could result in dismissal of the underlying action. Since that Order was filed, Wedley has not paid the filing fee or applied to proceed *in forma pauperis.* As such, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted, this the 23rd day of July 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**